UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

GERI YARWOOD, on behalf of herself
and all others similarly situated,

    Plaintiff,

vs.

MAJESTIC PRINCESS CRUISES, INC., a Florida
Corporation,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff, GERI YARWOOD, on behalf of herself and all others similarly situated, by and through her undersigned counsel, and sues the Defendant, MAJESTIC PRINCESS CRUISES, INC., and alleges as follows:

1. That Plaintiff, former employee of Defendant, bring this collective action on behalf of herself and all other similarly situated employees of Defendant, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff, and others similarly situated, were citizens and residents of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendant was the employer of the Plaintiff, and others similarly situated, was conducting business in this judicial district, was an 'employer' under the FLSA, and an enterprise engage in commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C § 203(r) and 203(s). Based upon the information and belief, the annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum at all times material hereto.

6. That the Plaintiff, GERI YARWOOD was hired as a non-exempt employee by the Defendant on May 25, 2015 until and including January 7, 2017.

7. That Plaintiff, and others similarly situated, were servers and bartenders at the Defendant's casino, and were 'tipped' employees under the FLSA.

8. That, during Plaintiff's employment and others similarly situated, Defendant claimed a 'tip-credit' for Plaintiff and others similarly situated, and paid these employees below the statutorily required minimum wage under the FLSA.

9. That, in order for Defendant to claim a 'tip-credit', the Plaintiff and others similarly situated must be informed of the provisions of the 'tip-credit', and all tips received by Plaintiff, and others similarly situated, must be absolutely retained by Plaintiff, or pooled with other 'tipped' employees.

10. That Defendant failed to comply with the 'tip-credit' requirements pursuant to the FLSA by failing to provide sufficient notice, and by also having at least one manager/supervisor receive a portion of the Plaintiff's tips.

11. This sharing with management is specifically prohibited under the FLSA. "The practice of forced sharing of tips with management is an illegal practice, regardless of whether the members of management are also engaged in services that could be the subject of tipping."

Wajcman v. Investment Corp. of Palm Beach, 2008 WL 783741, *3 n.1 (S.D.Fla. Mar. 20, 2008).

12. That Defendant's failure to comply with the FLSA 'tip-credit' requirements results in Defendant's inability to claim a 'tip-credit' for Plaintiff and others similarly situated.

13. That Defendant, unable to claim a 'tip-credit', is required to compensate Plaintiff and others similarly situated, with at least minimum wage.

14. That Defendant willfully refused to properly compensate Plaintiff, and others similarly situated, for minimum wage in violation of the FLSA, as the aforementioned 'tip-credit' was claimed despite the fact that Defendant had failed to comply with the 'tip-credit' requirements under the FLSA.

15. All records concerning the number of hours actually worked by Plaintiff, and others similarly situated, are in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

16. Plaintiff, however, will exert her collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff and others similarly situated.

## COUNT I
## FLSA

Plaintiff, and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

17. Plaintiff, and others similarly situated, are entitled to minimum wage for all hours worked pursuant to the FLSA.

18. By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiff, and others similarly situated, has suffered damages.

**WHEREFORE**, Plaintiff, GERI YARWOOD, on behalf of herself and all others similarly situated, demand judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, GERI YARWOOD, on behalf of herself and all others similarly situated, demand trial by jury of all issues triable as of right by a jury.

Dated: May 2, 2017.

Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701