# SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT") is made by and between GERI YARWOOD (Also referred to herein as "Plaintiff") together with her heirs, agents, legal representatives, successors, assigns and attorneys; and between MAJESTIC PRINCESS CRUISES, INC. (Also referred to herein as "Majestic,") together with its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers.

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

1. **Terms of Payment**. As consideration for the release of any and all claims that PLAINTIFF may have against MAJESTIC as of the date of execution of this AGREEMENT, MAJESTIC agrees to pay and to deliver to Levy & Levy, PA, 1000 Sawgrass Corporate Parkway, Suit 588, Sunrise, FL 33323, the total sum of Five Thousand Seven Hundred and Fifty, Dollars ($5,750.00) in payment, for all alleged damages, liquidated damages, attorney's fees and costs. This sum shall be delivered in three (3) checks, as described below within twenty (20) days subsequent to court approval of this AGREEMENT and dismissal with prejudice of the underlying lawsuit:

    a. First Check, issued to "Geri Yarwood" in the *gross* amount of Six Hundred Twenty-Five and 00/100 ($625.00) from which Majestic will deduct all applicable taxes and withholdings, as wages, and for which an IRS Form W2 shall issue.
    b. Second Check, issued to "Geri Yarwood" in the total amount of Six Hundred Twenty-Five and 00/100 ($625.00) from which Majestic will deduct no applicable taxes and withholdings, as liquidated damages, and for which an IRS Form 1099 shall issue.
    c. Third Check, issued to "Levy & Levy PA" in the amount of For Thousand Five Hundred and 00/100 Dollars ($4,500.00) as attorney's fees and costs for which an IRS Form 1099 shall issue.

**PRIOR TO, AND AS PRE-CONDITION TO PAYMENT BEING ISSUED PURSUANT TO THIS PARAGRAPH, PLAINTIFF'S COUNSEL SHALL DELIVER TO MAJESTIC'S COUNSEL COMPLETE AND SIGNED IRS FORM W4 AND IRS FORM W9 FOR PLAINTIFF, AND IRS FORM W9 FOR LEVY & LEVY PA.**

PLAINTIFF agrees to indemnify and hold harmless MAJESTIC from and against any and all liability that MAJESTIC may sustain as a result of claims, demands, costs, or judgments relating to these payments. PLAINTIFF further represents that she and her legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made against these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to PLAINTIFF pursuant to this AGREEMENT are subject to any

Geri Yarwood _____                                      Majestic Princess Cruises, Inc. _____

1

claims, liens or subrogated interests. PLAINTIFF agrees to indemnify and hold harmless MAJESTIC from and against any and all liability that MAJESTIC may sustain as a result of such claims, liens or subrogated interests. PLAINTIFF agrees to the distribution of the settlement proceeds as set forth above.

2.  **Non-Admission of Liability.** The parties agree that this sum is being paid for alleged violations of the Fair Labor Standards Act, as an amicable resolution of the Parties' dispute, in order to avoid the risks and costs involved in further litigation of this dispute. As such, MAJESTIC continues to deny any and all liability to PLAINTIFF and nothing in this AGREEMENT shall be construed as an admission of any wrongdoing by MAJESTIC.

3.  **Mutual General Release.** PLAINTIFF agrees to fully release MAJESTIC from any and all claims that PLAINTIFF may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which PLAINTIFF now owns or holds, and to waive any right to recover in any action which may be brought on her behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

    - The FLSA;
    - Title VII of the Civil Rights Act of 1964, as amended;
    - The Civil Rights Act of 1991;
    - Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
    - The Employee Retirement Income Security Act of 1974, as amended;
    - The Family and Medical Leave Act of 1993, as amended;
    - The Immigration Reform and Control Act, as amended;
    - The Equal Pay Act, as amended;
    - The Age Discrimination in Employment Act, as amended;
    - The Americans with Disabilities Act, as amended;
    - The Workers Adjustment and Retraining Notification Act, as amended;
    - The Occupational Safety and Health Act, as amended;
    - The Sarbanes-Oxley Act of 2002;
    - The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
    - The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
    - Florida Wage Payment Laws;
    - Broward County Wage Payment Ordinances;
    - Broward County Employment Ordinances;
    - Miami-Dade County Wage Payment Ordinances;
    - Miami-Dade County Employment Ordinances;
    - Palm Beach County Wage Payment Ordinances;
    - Palm Beach County Employment Ordinances;
    - Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
    - Any and all claims based upon tort, personal injury, or common law;

Geri Yarwood _____          Majestic Princess Cruises, Inc. _____

- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.
- Any and all claims, including all attorney's fees and costs, related in any manner to PLAINTIFF'S association, employment, or relationship with MAJESTIC

Similarly, MAJESTIC agrees to fully release PLAINTIFF from any and all claims that MAJESTIC may have against PLAINTIFF from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which MAJESTIC now owns or holds, and to waive any right to recover in any action which may be brought on its behalf against PLAINTIFF.

4.     **Voluntary Dismissal of Suit**.  The parties hereto agree that, upon the final execution of this AGREEMENT by all parties, counsel for the Plaintiff shall deliver an order for execution by the Court which dismisses the following action, with prejudice, with each party bearing his/hers/its own costs and fees, except as otherwise provided herein: in the United States District Court, for the Southern District of Florida, case styled: *GERI YARWOOD v. MAJESTIC PRINCESS CRUISES, INC.,* S.D. Fla. Case No. 9:17-cv-80549-DLB.

5.     **Confidentiality**.  It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that PLAINTIFF shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFF'S claims from the time the settlement was agreed upon forward.  In the event any other person or entity asks PLAINTIFF about the lawsuit or about any of the disputes relating to PLAINTIFF'S association or employment with MAJESTIC, PLAINTIFF shall respond only that the matter was amicably resolved and shall provide no further information. Further, PLAINTIFF agrees not to disclose to any other person or otherwise use any information contained in any of the documents or information they have obtained from MAJESTIC.

MAJESTIC agrees that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that MAJESTIC and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFFS' claims, or the existence of a dispute, from the time the settlement was agreed upon forward.  In the event any other person or entity asks MAJESTIC about the lawsuit or about any of the disputes relating to PLAINTIFF'S association with or employment with

Geri Yarwood _____                                                   Majestic Princess Cruises, Inc. _____

MAJESTIC, it shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement <u>does not</u> preclude PLAINTIFF or MAJESTIC from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a) to their lawful spouse, legal representatives, accountants, insurers and tax preparers; b) to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; and/or c) for enforcement of this AGREEMENT. In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the parties' responsibility to advise said individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of its terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, PLAINTIFF and MAJESTIC shall provide notice to the other Party within three (3) days of such requests, to permit the assertion of any rights available to them.

6. **Non-Disparagement**. PLAINTIFF agrees not to make any disparaging or negative remarks concerning MAJESTIC or any of its parents, subsidiaries, affiliated corporations or associations, and/or representatives. MAJESTIC agrees not to make any disparaging or negative remarks concerning PLAINTIFF.

7. **Neutral Reference**. In the event MAJESTIC receives a telephonic inquiry concerning PLAINTIFF'S association or employment with MAJESTIC, it shall respond only with a confirmation of PLAINTIFF'S dates of association/employment (if any) and position held by PLAINTIFF with MAJESTIC. No other information shall be provided, unless otherwise required by law.

8. **No Right of Future Employment or Association**. PLAINTIFF agrees that she declines any employment or working association with MAJESTIC and shall not, at any time in the future, seek or accept employment, association, or any working relationship with MAJESTIC, whether as an employee or independent contractor, and that any application made by PLAINTIFF may be rejected without liability to MAJESTIC.

9. **Failure to Make Timely Payment**: In the event MAJESTIC fails to make timely payment as required by Paragraph 1, above, PLAINTIFF shall notify MAJESTIC's counsel, Adi Amit, Esq, Lubell & Rosen, LLC, 200 S. Andrews Avenue, Suite 900, Fort Lauderdale, FL 33301 by electronic mail at adi@lubellrosen.com that payment is late and will allow five (5) business days to cure the default.

10. **Breach or Violation of Agreement**: It is further understood and agreed that if, at any time, a material violation of any term of the AGREEMENT is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this AGREEMENT. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

Geri Yarwood _____                            Majestic Princess Cruises, Inc. _____

4

In any action to enforce the terms of this AGREEMENT, or any provision thereof, the prevailing party shall be entitled to recover his/its attorneys' fees and costs.

11. **Application of the laws of the State of Florida.** This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by its terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Miami-Dade if the District Court for the Southern District of Florida declines to exercise jurisdiction.

12. **Entire Agreement.** This AGREEMENT represents the entire agreement and understanding between the parties and supersedes all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

13. **Construction.** This AGREEMENT has been jointly negotiated. The language of this AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the AGREEMENT.

14. **Enforceability.** If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

15. **Modification.** This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

16. **Binding Effect.** All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

17. **Agreement Not to Be Used as Evidence.** This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

18. **Signatures in Counterparts.** This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. However, such counterparts shall together constitute one and the same document. A copy or .pdf version of this AGREEMENT or any counterpart shall be considered the same as an original for all purposes.

Geri Yarwood _____         Majestic Princess Cruises, Inc. _____

19. **Legal Advice**. Prior to signing this AGREEMENT, all signatory Parties had the opportunity to have this AGREEMENT reviewed by legal counsel of their choice and to consult with their attorneys regarding its content and the terms of this AGREEMENT.

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

PLAINTIFF:

Date: _____    _____
                                 Geri Yarwood

DEFENDANT:

Date: 3/8/18                     _____[signature]_____
                                 Majestic Princess Cruises, Inc.
                                 By: Richard L McKenzie, Jr
                                 Title: President/Owner

Geri Yarwood _____                    Majestic Princess Cruises, Inc. _[signature]_

6