UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-80549-Brannon

GERI YARWOOD,

    Plaintiff,
v.

MAJESTIC PRINCESS CRUISES, INC.,

    Defendant.
_____/

### ORDER APPROVING SETTLEMENT AGREEMENT
### AND DISMISSING CASE WITH PREJUDICE

**THIS CAUSE** is before the Court upon a Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice [DE 39].  The Court has reviewed the Motion, the attached settlement agreement, and is otherwise fully advised.

In this case, Plaintiff alleges that Defendant failed to pay her minimum wage as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 [DE 1].  Defendant filed an answer that generally denied Plaintiff's claims and asserted nine affirmative defenses [DE 19].  On February 22, 2018, Plaintiff filed a Notice of Settlement [DE 37].  In compliance with a Court order, on March 15, 2018, the parties filed the instant Motion seeking approval of their final settlement agreement and a dismissal of this case with prejudice [DE 39].  The fully-executed settlement agreement is attached to the Motion for review [DE 39-1, 39-2].

When a private action brought under the FLSA is settled, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).  In scrutinizing the settlement, the Court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA

1

provisions." *Id.* at 1355.  While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation."  *Id.* at 1354.  Where, as here, a settlement agreement was entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues.  *Id.*

After an independent review of the record and upon a thorough review of the represented parties' fully-executed settlement agreement—which includes a detailed breakdown of payments to be made to Plaintiff and her counsel by a date certain, mutual general releases, and a confidentiality provision—the Court concludes that the parties' settlement represents a fair, reasonable, and arms-length resolution of bona fide FLSA dispute.

Accordingly, the Court **ORDERS AND ADJUDGES** that the parties' Join Motion [DE 39] is **GRANTED**.  The parties' settlement agreement is **APPROVED,** with this Court retaining jurisdiction to enforce its terms, if necessary.  All pending motions are **DENIED AS MOOT**, and this case is **DISMISSED WITH PREJUDICE**, with each party to bear its own attorneys' fees and costs except as set forth in the settlement agreement.  The Clerk of Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 21st day of March, 2018.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE